IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CAITLIN HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00759-DGK |
| | ) | |
| KC COACH HOUSE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR**
**JUDGMENT ON THE PLEADINGS**

This personal injury action arises from an encounter with wasps and a deteriorated sidewalk. Plaintiff Caitlin Hunter alleges KC Coach House, LLC and Landmark Realty of Missouri, LLC (collectively, "Defendants") negligently maintained her apartment's mailbox hub causing her to injure an ankle.

Now before the Court is Defendants' motion for judgment on the pleadings. For the reasons discussed below, Defendants' motion is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.[1]

**Background**

Plaintiff rented an apartment at the Coach House Apartments in Kansas City, Missouri. The apartment complex is owned by KC Coach House, LLC and managed by Landmark Realty of Missouri, LLC.

Plaintiff's mailbox was located in the apartment's mailbox hub. The mailbox hub was partially enclosed and required residents to step up on a curb when entering.

---

[1] In the alternative, Plaintiff requests leave to amend her petition to plead a gross negligence claim against Defendants. Suggestions in Opp'n at 10–11, ECF No. 15. Plaintiff's request is denied for failure to comply with Local Rule 15.1.

On the evening of August 21, 2020, Plaintiff went to check her mail. When Plaintiff entered the mailbox hub, she was swarmed by wasps and tripped on the deteriorating sidewalk, injuring her left ankle. Plaintiff underwent surgery and received physical therapy.

As a result of her injuries, Plaintiff brings claims against Defendants for premise liability (Count I) and negligence (Count II). Defendants now move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(c) on the basis that Plaintiff's negligence claims are barred by the exculpatory provision in her lease agreement.

## Standard

A motion for judgment on the pleadings under Rule 12(c) uses "the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley Cnty., Ark. V. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In ruling on a motion for judgment on the pleadings, the Court must "accept as true all factual allegations set out in the complaint and to construe the complaint in the light most favorable to the plaintiffs, drawing all inferences in their favor." *Id.* (cleaned up). While the Court generally ignores materials outside the pleadings, it may consider materials that are necessarily embraced by the pleadings such as "documents whose contents are alleged in a complaint and whose authenticity no party questions." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (citation omitted).

## Discussion

Defendants argue the exculpatory provision in Plaintiff's lease agreement bars her negligence claims. Plaintiff argues the exculpatory provision is unenforceable because its language is overbroad and ambiguous.

In Missouri, exculpatory provisions are enforceable so long as they are "clear, unambiguous, unmistakable, and [use] conspicuous language." *Alack v. Vic Tanny Int'l of*

*Missouri, Inc.*, 923 S.W.2d 330, 337 (Mo. 1996) (en banc). "The exculpatory language must effectively notify a party that he or she is releasing the other party from claims arising from the other party's own negligence." *Id.* That is, "[t]he words 'negligence' or 'fault' or their equivalents must be used conspicuously so that a clear and unmistakable waiver and shifting of risk occurs." *Id.* A party cannot "exonerate oneself from future liability for intentional torts or for gross negligence." *Id.*

Plaintiff's lease agreement, which is necessarily embraced by the pleadings, contains the following exculpatory provision:

> **34. EXCULPATION, RESIDENT'S RELEASE AND AGREEMENT TO INDEMNIFY.** **OWNER AND/OR LANDMARK REALTY OF MISSOURI, LLC AND/OR LANDMARK REALTY, LLC (HEREINAFTER COLLECTIVELY "LANDMARK") SHALL NOT BE LIABLE FOR ANY DAMAGES OR INJURY, INCLUDING PERSONAL INJURY AND/OR PROPERTY DAMAGE, TO RESIDENT, OR ANY OTHER PERSON, INCLUDING, BUT NOT LIMITED TO, RESIDENT'S GUESTS, LICENSEES, OR INVITEES, OCURRING ON OR ABOUT THE PREMISES OR ANY PART THEREOF OR IN COMMON AREAS THEREOF, REGARDLESS OF THE CAUSE OF SUCH INJURY, LOSS OR DAMAGE, INCLUDING BUT NOT LIMITED TO INTERRUPTION OF UTILITIES OR OTHER CASUALTY OR OCCURRENCES. RESIDENT, FOR HIMSELF, HIS HEIRS, EXECUTORS, ADMINISTRATORS, APPROVED SUCCESSORS AND ASSIGNS, HEREBY RELEASES, RELINQUISHES AND DISCHARGES AND AGREES TO INDEMNIFY, PROTECT AND SAVE HARMLESS OWNER, LANDMARK, THEIR AGENTS, SUCCESSORS, AND ASSIGNS OF AND FROM ANY AND ALL CLAIMS, DEMANDS AND LIABILITY FOR ANY INJURY TO, INCLUDING DEATH OF, PERSONS (WHETHER THEY BE THIRD PERSONS, RESIDENTS, OR EMPLOYEES OF THE PARTIES HERETO) AND ANY LOSS OF OR DAMAGE TO PROPERTY (WHETHER THE SAME BE THAT OF EITHER OF THE PARTIES HERETO OR OF THIRD PERSONS) CAUSED BY, GROWING OUT OF, OR HAPPENING IN CONNECTION WITH, RESIDENT'S USE AND OCCUPANCY OF THE PREMISES, FIXTURES, EQUIPMENT, APPLIANCES, FACILITIES, IMPROVEMENTS OR COMMON AREAS LOCATED OR TO BE LOCATED THEREON, OR BY REASON OF ANY LIKE OR DIFFERENT CASUALTY. IN LIKE MANNER AND TO THE EXTENT SET FORTH IN THE PRECEDING SENTENCE, RESIDENT AGREES TO EXONERATE AND SAVE HARMLESS OWNER, LANDMARK, THEIR EMPLOYEES, AND AGENTS FROM ANY AND ALL LIABILITY EVEN THOUGH THE CLAIM, OR LOSS OR CASUALTY IS ATTRIBUTABLE TO THE <u>NEGLIGENCE</u> OF OWNER, LANDMARK, OR ITS EMPLOYEES OR AGENTS. RESIDENT AGREES TO BE RESPONSIBLE FOR OBTAINING AND MAINTAINING INSURANCE ON PERSONAL PROPERTY CONTENTS AND LIABILITY. BY SIGNING BELOW, RESIDENT ACKNOWLEDGES THAT HE/SHE HAS READ AND UNDERSTANDS THE FOREGOING EXCULPATIONS, RELEASE, AND AGREEMENT TO INDEMNIFY.**

ECF No. 4-1 ¶ 34. The exculpatory provision is the only provision in the lease agreement that is both capitalized and bolded. It is located directly above the signature line. It includes the word

3

negligence which is clearly set-off from the surrounding text. Thus, the provision is clear and conspicuous. *See Abbott v. Epic Landscape Prods., L.C.*, 361 S.W.3d 13, 18 (Mo. Ct. App. 2011) (enforcing an exculpatory provision where "[t]he language releasing the landlord from his own negligence contains the term 'negligence,' is explicit in its wording, and is written in capitalized letters in a paragraph displayed more prominently than any other part of the lease"); *Fouts v. Regency N. Acquisition, LLC*, 569 S.W.3d 463, 468 (Mo. Ct. App. 2018) (same). The only question left is whether the exculpatory language is ambiguous.

An exculpatory provision is ambiguous "when there is duplicity, indistinctness, or uncertainty in the meaning of the words used." *Alack*, 923 S.W.2d at 337 (citation omitted). An exculpatory provision "that purports to relieve a party from any and all claims but does not actually do so is duplicitous, indistinct and uncertain." *Id.* This occurs when an exculpatory provision uses only general language that could be read to include claims for intentional torts or gross negligence which cannot be released. *See id*; *see also Lewis v. Snow Creek, Inc.*, 6 S.W.3d 388 at 394 (Mo. Ct. App. 1999) (finding the phrase "or other legal theory" ambiguous because it included "intentional torts, gross negligence or any other cause of action not expressly listed").

Plaintiff argues the exculpatory provision is ambiguous because it uses general phrases such as "any and all liability," "any like or different casualty," and "any damages or injury." Specifically, Plaintiff contends this language makes the nature and scope of the claims released unclear. This argument is unavailing.

Unlike in *Lewis*, the exculpatory provision at issue here is limited to claims arising out of Defendants' negligence. And the provision's inclusion of more generalized phrases does not render it ambiguous. *Cf. Alack*, 923 S.W.2d at 337 (finding the terms "any" and "all" were ambiguous only because the exculpatory language "did not specifically state that a member was

4

releasing Vic Tanny for its own future negligence"). Stated differently, the general exculpatory language does not purport to relieve Defendants of claims they cannot release.

For these reasons, the exculpatory provision in Plaintiff's lease agreement meets the standard set forth by the Missouri Supreme Court in *Allack*. Further, the provision is nearly identical to the exculpatory provision upheld by the Missouri Court of Appeals in *Abbott*. *See* 361 S.W.3d at 17–18. Accordingly, Plaintiff's negligence claims are barred by the exculpatory provision in her lease agreement.

## Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: May 31, 2024 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

5

Case 4:23-cv-00759-DGK   Document 19   Filed 05/31/24   Page 5 of 5